IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN L. MENDEZ, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1138-LPS |
| JENNIFER PATTERSON, et al., | : |
| Defendants. | : |

Ivan L. Mendez, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 21st, 2014
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Ivan Mendez ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court reviewed, screened, and dismissed the original Complaint pursuant to 28 U.S.C. § 1915 and § 1915A, and gave Plaintiff leave to amend. Plaintiff filed an Amended Complaint on March 24, 2014. (D.I. 10) He recently filed a motion for an extension of time and request for a complaint form. (D.I. 11)

## II. BACKGROUND

Plaintiff has numerous health problems, including Hepatitis C, internal bleeding, rectal bleeding, and heart disease, and he weighs less than 200 pounds. In the original Complaint, Plaintiff alleged that Defendant Jennifer Patterson ("Patterson"), a medical provider at the VCC, denied him a high calorie diet and/or double portions, pain medication, medication, and the appropriate medication. The claims against Patterson were dismissed because the Complaint did not contain allegations that Patterson acted with deliberate indifference or indicate when or where the alleged constitutional violations took place.

The Amended Complaint discusses Plaintiff's criminal conviction, and his desire for extradition to Mexico.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

## III. <u>LEGAL STANDARD</u>

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However,

before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

3

## IV. DISCUSSION

The Amended Complaint contains no allegations directed to Patterson with regard to denial of medical care. Like the original complaint, the Amended Complaint contains no allegations Patterson acted with deliberate indifference. Nor does the complaint indicate when or where the alleged constitutional violations took place. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). The Amended Complaint contains fewer allegations directed toward Patterson than the original complaint.

Therefore, the Court will dismiss the claims against Patterson as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

## V. CONCLUSION

For the above reasons, the Court will deny as moot Plaintiff's motion for an extension of time and request for a complaint form (D.I. 11) and will dismiss the Amended Complaint (D.I. 10) as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff was given an opportunity to cure his pleading defects, to no avail. Because Plaintiff made no attempt to remedy the defects in his Amended Complaint, despite notice and his familiarity with the pleading requirements, granting him an opportunity to amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. Oct. 1, 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d at 108 and *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

An appropriate Order follows.